IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRANCE TYRONE BURKS　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #107278

v.　　　　　　　　　　　　　　4:23-cv-00023-KGB-JJV

DONZELL LEWIS, Deputy,
Pulaski County Detention Facility, *et al.*　　　　　　　　　　　　　　　　DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.　DISCUSSION**

Terrance Tyrone Burks ("Plaintiff") is a pretrial detainee at the Pulaski County Detention Facility ("PCDF"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Deputy Donzell Lewis, Sergeant Matthew Cobbs, and Sergeant Orlando Newburn used excessive force against him on November 14, 2022. (Doc. 2.)

Defendants have filed a Motion for Summary Judgment arguing the claims against them should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies. (Docs. 12-14.) Plaintiff has not filed a Response, and the time to do

1

so has passed. Thus, the facts in Defendants' Statement of Facts (Doc. 14) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001). And, as will be discussed herein, those facts are supported by the record. After careful consideration and for the following reasons, I recommend the Motion be GRANTED, the claims against Defendants be DISMISSED without prejudice, and this case be CLOSED.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.     ANALYSIS**

    **A.     The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).   The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.  *Id.*

    **B.     The PCDF's Exhaustion Procedure**

The PCDF's exhaustion procedure is found in Branch Directive D05-0001.   (Doc. 14-4.) According to this Directive, a detainee must file a grievance with the Grievance Officer or designee within fifteen days of the grieved matter.   (*Id*. at 4.)   The Directive does not require the detainee to provide the name of the involved parties, the date, or any other specific information.   (*Id.*) The Grievance Officer or designee must answer the grievance within ten working days, or sooner

if the grieved matter is deemed an emergency. (*Id*. at 5-6.) If the detainee is not satisfied, he or she may appeal to the Chief of Detention within ten working days. (*Id.* at 7.) The Chief of Detention or designee must respond to the appeal within five working days, and that decision is the final step in the grievance procedure. (*Id*.)

    **C.**    **Plaintiff's Grievances**

The PCDF Custodian of Records says, in her sworn affidavit, Plaintiff filed 32 grievances and requests after he arrived at the PCDF on May 29, 2022 until he filed this lawsuit on January 9, 2023. (Doc. 14-1.) But in none of those grievances or requests did Plaintiff allege excessive force was used against him on or about November 14, 2022. (*Id*.) My review of the provided grievances and requests confirms this to be correct. (Doc. 14-3 at 1-28.) And Plaintiff has not provided any contrary evidence. Because Plaintiff did not raise his November 14, 2022 excessive force claim in the PCDF's grievance procedure, he cannot do so for the first time in this § 1983 action. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Townsend v. Murphy,* 898 F.3d 780, 784 (8th Cir. 2018) (no exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in his federal complaint"); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (improper exhaustion when "the prison was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit).

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). The United States Supreme Court has clarified that administrative remedies are "unavailable" if: (1) the grievance procedure "operates as a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (2) "prison administrators thwart inmates from taking advantage of a grievance process

through machination, misrepresentation, or intimidation." *Ross v. Blake,* 578 U.S. 632, 642 (2016); *see also Townsend*, 898 F.3d at 783. Plaintiff has not presented any evidence suggesting administrative remedies were unavailable to him. To the contrary, the numerous grievances in the record demonstrate administrative remedies were available and often correctly used by Plaintiff. (Doc. 14-3.) Thus, I conclude Defendants are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies against them.

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 12) be GRANTED; his excessive force claims against Defendants Lewis, Cobb, and Newburn be DISMISSED without prejudice; and this case be CLOSED.

  2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

  Dated this 5th day of April 2023.

                  _____
                  JOE J. VOLPE
                  UNITED STATES MAGISTRATE JUDGE